Nguyen v. Garland

BIA
Poczter, IJ
A201 525 075

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 10th day of November, two thousand twenty-two.

PRESENT:
>   JON O. NEWMAN,
>   MICHAEL H. PARK,
>   STEVEN J. MENASHI,
>        *Circuit Judges.*

―――――――――――――――――――――――――――

THUONG VAN NGUYEN,
>        *Petitioner,*

>   v.                                  20-3158
>                                       NAC

MERRICK B. GARLAND, UNITED
STATES ATTORNEY GENERAL,
>        *Respondent.*

―――――――――――――――――――――――――――

FOR PETITIONER:                 Nicholas J. Mundy, Esq.,
                                Brooklyn, NY.

**FOR RESPONDENT:**              Brian Boynton, Acting Assistant
                               Attorney General; John S. Hogan,
                               Assistant Director; Lindsay C.
                               Dunn, Trial Attorney, Office of
                               Immigration Litigation, United
                               States Department of Justice,
                               Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Thuong Van Nguyen, a native and citizen of Vietnam, seeks review of an August 18, 2020, decision of the BIA affirming a September 24, 2019, decision of an Immigration Judge ("IJ") denying his motion to reopen and rescind his in absentia removal order. *In re Thuong Van Nguyen,* No. A 201 525 075 (B.I.A. Aug. 18, 2020), *aff'g* No. A 201 525 075 (Immig. Ct. N.Y. City Sept. 24, 2019). We assume the parties' familiarity with the underlying facts and procedural history.

We have considered both the IJ's and the BIA's opinions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). We review the agency's denial of a motion to rescind a removal order entered in absentia and reopen proceedings for abuse of discretion, which "may be found if the decision provides no

2

rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements." *Alrefae v. Chertoff*, 471 F.3d 353, 357 (2d Cir. 2006) (quotation marks omitted). The agency did not abuse its discretion because Nguyen did not rebut the presumption that he received notice of his hearing.

An in absentia order of removal may be rescinded upon a motion "filed at any time if the alien demonstrates that the alien did not receive notice." 8 U.S.C. § 1229a(b)(5)(C)(ii); 8 C.F.R. § 1003.23(b)(4)(iii)(A)(2). There is no dispute that Nguyen's counsel received the hearing notice from the immigration court. That notice was sufficient: "Any alien who, after written notice . . . has been provided to the alien *or the alien's counsel of record* does not attend a proceeding . . . shall be removed in absentia." 8 U.S.C. § 1229a(b)(5)(A) (emphasis added). Nguyen did not rebut the presumption of notice because it is undisputed that his attorney of record received the notice. *See Song Jin Wu v. INS*, 436 F.3d 157, 162 (2d Cir. 2006) (concluding that where attorney received notice applicant could only move to rescind based on exceptional circumstances, not lack of notice).

3

For the foregoing reasons, the petition for review is DENIED.  All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court